[Crim. No. 1935. Second Appellate District, Division One.—September 29, 1930.]

THE PEOPLE, Respondent, v. JOHN W. HAMILTON, Appellant.

Arthur C. Verge, Edward C. Purpus and R. C. Hunting for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—The judgment following the conviction of defendant on each of three counts in an indictment wherein he was charged with the commission of the crime of grand theft, as well as the order by which his motion for a new trial was denied, are affirmed upon the following grounds, to wit:

The evidence adduced on the trial of the action was legally sufficient to support the verdict and the ensuing judgment thereon.

The pertinent facts were that defendant contracted to purchase all the lots which constituted the town site of the town of Ripley, as well as 110 acres which adjoined the town site, for the purchase price of which defendant agreed to give his note and trust deed for the sum of $119,000. Thereupon defendant caused a corporation to be formed, to which he transferred his contract of purchase of the property, in payment of which the corporation issued to defendant all its capital stock. Afterward, defendant acquired from the seller of the property a deed to the 110 acres, but never acquired any legal title to the lots in the town site; nor did he ever execute his promissory note or trust deed in favor of the seller of the property which, according to the agreement, was to be given by defendant in payment thereof. Immediately following the execution of the contract of purchase of the property, defendant went into possession of the property and spent about $3,000 in "improving" it. Thereafter, by representing to various persons that he or the corporation had bought and was the owner of the property and that it was proposed to sell it

at a price so that large profits would be derived from the enterprise, he induced each of said persons to purchase from him, individually, certain shares of stock in the corporation, and who paid him cash therefor. Shortly after making the sales of such shares of stock to two of the several purchasers thereof, but preceding the sale to a third purchaser, defendant exhibited ''slides'' or moving pictures of homes, business buildings, growing crops and general activities purporting to be with relation to the property, which defendant represented to each of such persons were genuine reproductions of conditions which obtained in the town site and surrounding country, but which representations, to a large extent, at least, from the evidence adduced on the trial of the action, the jury would have been justified in believing were false, made with intention to deceive, and in fact did deceive, the persons to whom such representations were made; and as to the last of such persons, constituted an additional inducement to her to purchase the shares of stock from defendant. Without further attempt on the part of defendant to effect a sale of the property in question, he then absented himself from the state of California and returned thereto only after the indictment herein had been returned against him by the grand jury. Among other alleged false representations whereby appellant induced the several complaining witnesses to purchase shares of stock in the Ripley Development Corporation were statements that he owned the property, which he was arranging to convey to the corporation. It is claimed by appellant that he did own this land, because he had a contract of purchase, although in fact he had not paid any part of the purchase price. This contract, he claims, made him the equitable owner. According to the evidence, he said to Mrs. Hamilton (one of the stock purchasers), ''that he owned the town of Ripley, that he had bought it''. When defendant told Mrs. Mills (another of the stock purchasers) that he had bought the town of Ripley for $150,000, she inquired, ''It is yours?'' He replied, ''It is mine.'' To Mrs. Allen (a third purchaser of such stock), he said that he was the sole owner of the town of Ripley; and that he ''had paid'' $119,500 for the land. It seems amply clear that defendant never intended to convey to the corporation anything more than the right to acquire this land by pay-

ing the whole purchase price named in the contract. Then he sold to his trusting victims large quantities of the shares of stock which the corporation issued to him in consideration of his assignment to the corporation of said land-purchase contract. Instead of acquiring a proportional interest in actually owned land, these women obtained the burdensome rights above described. It was for this hollow pretense of value that they paid large sums of money to the defendant.

No prejudicial error was committed by the trial judge, either in the admission or the rejection of evidence or in refusing to give certain instructions to the jury at the request of defendant. Nor was either the trial judge, or any member of the jury, or the district attorney guilty of such misconduct in the trial of the cause as prevented defendant from having or receiving a fair and impartial trial.

Judgment affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 14, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 27, 1930.